Albert H. Hartwell, Jr.
177 N. Church Avenue, Suite 793
Tucson, Arizona 85701
(520) 884-7250
State Bar No.: 012175
Attorney for the Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>REBECCA LYNN ENGLE<br>xxx-xx-1550<br><br>Debtor. | No. 4:08-bk-06355-JMM<br><br>Chapter 11<br><br>§ 1129(a) DECLARATION |

STATE OF ARIZONA ) 
) ss.
County of Pima )

Debtor Rebecca Lynne Engle, pursuant to 11 U.S.C.A. § 1129(a), being duly sworn, deposes and declares as follows:

1. The Debtor's Fourth Amended Plan (Plan) complies with the applicable provisions of this Title.

2. The Debtor, as proponent of the Plan, complies with the applicable provisions of this Title.

3. The Plan has been proposed in good faith and not by any means forbidden by law.

4. Any payment made or to be made by the proponent, by the Debtor, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable.

5. The proponent of the Plan has disclosed

   a. the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as

      i. a director, officer, or voting trustee of the Debtor, an affiliate of the Debtor participating in a joint Plan with the Debtor, or a successor to the Debtor under the Plan; and

Albert H. Hartwell, Jr.
Attorney at Law
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 884-7250

      ii.    the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and

   b.   the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation for such insider.

6. Any governmental regulatory commission with jurisdiction, after confirmation of the Plan, over the rates of the Debtor has approved any rate change provided for in the Plan, or such rate change is expressly conditioned on such approval.

7. With respect to each impaired class of claims or interests–

   a.   each holder of a claim or interest of such class–

      i.    has accepted the Plan; or

      ii.   will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of this Title on such date; or

   b.   if Section 1111(b)(2) of this Title applies to the claims of such class, each holder of a claim of such class will receive or retain under the Plan on account of such claim property of a value, as of the effective date of the Plan, that is not less than the value of such holder's interest in the estate's interest in the property that secures such claims.

8. With respect to each class of claims or interests–

   a.   such class has accepted the Plan; or

   b.   such class is not impaired under the Plan.

9. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that–

   a.   with respect to a claim of a kind specified in Section 507(a)(2) or 507(a)(3) of this Title, on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;

   b.   with respect to a class of claims of a kind specified in Section 507(a)(1), 507(a)(4),

507(a)(5), 507(a)(6), or 507(a)(7) of this Title, each holder of a claim of such class will receive–

    i.     if such class has accepted the Plan, deferred cash payments of a value, as of the effective date of the Plan, equal to the allowed amount of such claim; or

    ii.    if such class has not accepted the Plan, cash on the effective date of the Plan equal to the allowed amount of such claim;

c.     with respect to a claim of a kind specified in Section 507(a)(8) of this Title, the holder of such claim will receive on account of such claim regular installment payments in cash–

    i.     of a total value, as of the effective date of the Plan, equal to the allowed amount of such claim;

    ii.    over a period ending not later than 5 years after the date of the Order for Relief under Section 301, 302, or 303; and

    iii.   in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan (other than cash payments made to a class of creditors under Section 1122(b)); and

d.     with respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under Section 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (C).

10. If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

11. The Plan is a plan of liquidation

12. All fees payable under Section 1930 of Title 28, as determined by the court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.

Albert H. Hartwell, Jr.
Attorney at Law
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 884-7250

13. The Plan provides for no retiree benefits, as that term is defined in Section 1114 of this Title, because there are no employees of the Plan and no claims for said benefits.

14. The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.

15. In a case in which the Debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the Plan–

    a. the value, as of the effective date of the Plan, of the property to be distributed under the Plan on account of such claim is not less than the amount of such claim; or

    b. the value of the property to be distributed under the Plan is not less than the projected disposable income of the Debtor (as defined in Section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the Plan, or during the period for which the Plan provides payments, whichever is longer.

16. All transfers of property of the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

FURTHER DECLARANT SAYETH NOT.

_____
Rebecca Lynne Engle, Debtor

Subscribed and sworn before me by REBECCA LYNNE ENGLE, whose identity is known or has been proven to me, this 14th day of June, 2010,

Date: 6/14/10

_____
Notary Public

My commission expires:



OFFICIAL SEAL
LUPITA JACOB
Notary Public - Arizona
PIMA COUNTY
My Comm. Exp. 12/16/2013

Albert H. Hartwell, Jr.
Attorney at Law
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 884-7250